No. 18,319.

Patricia Ann Devlin, et al., Minors, etc.
*v.* J. H. Huffman, et al.
(339 P. [2d] 1008)

Decided June 1, 1959.

Mr. G. T. Cummings, for plaintiffs in error.

Messrs. Fischer and Fischer, for defendants in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THE parties appear here in the same order as they appeared in the trial court: In this opinion we refer to plaintiff in error, Louise Beard, as "the mother" or Louise; to the other plaintiffs in error as "the children," and to the defendants in error as the defendants.

Late in 1950, Louise, who at that time was married to Clarence Albert Devlin, commenced an action in Wyoming for divorce and for custody of their three minor children, then of the ages of four, two and one year. In December of 1950, Louise, not then having a home for and being unable to care for the children, took them to the home of the defendants near Berthoud, Colorado, where she left them to be cared for. The defendant Evelyn B. Huffman is the mother of Louise and the defendant J. H. Huffman is her stepfather.

On January 22, 1951, Louise was granted a divorce from her then husband, Devlin, by the Wyoming court, and was awarded custody of the three children who now appear here as plaintiffs in error.

Defendants have had the continuous possession, care and charge of "the children" since late 1950.

The divorce decree provided that Devlin, father of "the children," should pay to the clerk of the court, to be by him paid to Louise for the support of "the children," $60.00 per month. Devlin has made these payments to defendants rather than to the clerk as directed.

Louise has remarried, and at the time of the trial her husband, Johnnie Beard, Airman First Class, was stationed in Japan.

This action was commenced December 20, 1956, as an action in habeas corpus to have the children "restored to their liberty in the custody of plaintiff" their mother. Defendants answered, setting forth that the mother was an improper and unfit person to have the custody of the children; that the defendants have had the custody of said children since November 2, 1951 (the evidence

shows. 1950); that they have given the children proper care and desire to continue so to do, and that the children desire to remain with the defendants.

The parties presented the matter to the court as a custody matter and so present the matter here.

"The mother" offered proof to the effect that she turned her children over to the defendants for care until she could supply a home; that now she is able to furnish a home, and has repeatedly and unsuccessfully sought to have the children returned to her. Defendants offered evidence of the unfitness of "the mother"; that she had not wanted the children, and that her reason for wanting them now is to increase the number of income tax exemptions and number of dependent's allotments which she and her present husband might be entitled to. The oldest child, age ten years, also testified favorably to the defendants; she stated that the children wanted to remain with defendants. The evidence is in sharp conflict as to most matters, however; there is no suggestion in the evidence that the children have not had and do not have a good home and proper care with the defendants.

The trial court entered the following pertinent findings of fact and conclusions of law:

"THE COURT FINDS for the reasons heretofore stated, and other reasons, that the mother has not at this time provided a stable home situation for the children; has not conducted herself in the presence of the children properly; has not shown the concern that would indicate normal motherly love for her children concerning the welfare, progress and health of her children; that the maternal grandparents have shown a deep love and affection for the children, having cared for them, provided [for] them in a manner indicating a deep love and affection for said children.

"THEREFORE The Court Finds that the best interests and welfare of the said Patricia Ann Devlin, Barbara Lee Devlin and Charles Albert Devlin would be served by continuing the custody of said children in and with

the maternal grandparents of said children, the defendants herein."

Plaintiffs are here by writ of error, seeking reversal and urge, (a) that the court erroneously found the facts against plaintiffs, and (b) that in dispensing with a motion for a new trial the trial court precluded plaintiffs from urging as a ground therefor "newly discovered evidence" which would show that part of defendants' testimony was perjured. Affidavits purporting to show the perjury, never presented to the trial court, are attached to plaintiffs' brief as an appendix.

■ Counsel urges and cites authorities to the effect that parents are presumed to be fit and proper persons to have the care and custody of their children, and that the presumption is ever present and can be overcome only by *plain* and *certain* proofs. With this statement we agree. The law is equally well settled that in custody proceedings the welfare and best interests of the children is the paramount consideration.

The trial judge had an opportunity to hear the testimony, observe the witnesses and their demeanor, pass on their credibility, and consider all the facts and circumstances in making his findings, which we deem amply supported by the evidence. We find no abuse of discretion by the trial court in holding that the interests of the children will be best served by their remaining in the custody of the defendants.

■ Attached to plaintiffs' brief as an appendix are two affidavits which contradict certain testimony offered by defendants. These affidavits were not presented to the trial court, hence are not a part of the record before us, have no place in this proceeding on error and were improperly included in the brief of counsel, are not before us, and are ordered stricken.

■ The matter having been submitted to the trial court as a custody matter, the evidence being in conflict and the court having resolved the conflict and determined that the best interests of the children will be

served by leaving them in the custody of defendants, who have been and are furnishing a proper home and suitable surroundings for the children, it is not within the province of this court to disturb the findings and judgment of the trial court.

The judgment is affirmed.

MR. JUSTICE MOORE dissents.

MR. JUSTICE SUTTON does not participate.