No. 22557.

Raymond Garcia *v.* Angeles DeCampo.

(459 P.2d 275)

Decided October 6, 1969.

William L. West, for plaintiff in error.

Joseph P. Constantine, for defendant in error.

*In Department.*

Opinion by Mr. Justice Groves.

124

A HABEAS CORPUS proceeding was instituted in the district court for the custody of Jaime (Spanish for James), who was born in 1959. The plaintiff, Raymond Garcia, is Jaime's father and the defendant, Angeles DeCampo, is the boy's maternal grandmother. The defendant prevailed in the district court. We affirm.

In 1965, while Jaime and his mother were residing with defendant in Colorado, Jaime's mother was killed in an automobile accident. The defendant was appointed Jaime's guardian and in this capacity instituted an action for alleged wrongful death. Plaintiff, a resident of California, instituted this custody action in 1966 and at the time of hearing the wrongful death action was pending.

The trial court made the following findings: "FINDS plaintiff Raymond Garcia is the father of James Garcia born March 16, 1959; that said James Garcia has been in the care and control of his mother and the defendant herein, his maternal grandmother, for most of his life and he is now in the custody of said defendant; that James Garcia was born out of wedlock, the father Raymond Garcia having never married the mother, Beatrice Camarena; that plaintiff was married to Rose Garcia, now of Loveland, Colorado, when James Garcia was born and has not been divorced from said Rose Garcia; that plaintiff and Rose Garcia have three minor children and plaintiff has not supported said children for several years last past; that plaintiff has contributed nothing to the support of his son James Garcia in 1965 and 1966; that plaintiff lives alone in Woodland, California, in a two-room home and does not have adequate facilities for the care and housing of his son, James Garcia; that the evidence shows beyond a reasonable doubt plaintiff has forfeited all rights which he may have had for custody of his son, James Garcia because of his neglect and non-support of his son, his marriage to Rose Garcia and his non-support of his three children born of his marriage to Rose Garcia; that the best interests of James Garcia are served by his remaining with

his maternal grandmother, Angeles DeCampo."

The record sufficiently supports these findings and the award of Jaime's custody to the defendant is authorized by the findings. No new or unique principles of law are involved. See *Root v. Allen,* 151 Colo. 311, 377 P.2d 117; *Coulter v. Coulter,* 141 Colo. 237, 347 P.2d 492; and *Devlin v. Huffman,* 139 Colo. 417, 339 P.2d 1008.

In passing, we point out that 1967 Perm. Supp., C.R.S. 1963, 22-1-3(5) containing the provision that, "The father of an illegitimate child shall have no parental rights to the child" was adopted following the hearing before the trial court; and of course has no direct application to this matter.

Judgment affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE DAY and MR. JUSTICE HODGES concur.